IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIMBERLY J. LAVASSEUR,

                    Plaintiff,

    v.                                            OPINION AND ORDER

ASHLAND COUNTY, DAN GRADY,                        24-cv-872-wmc
and BRIAN ZUPKE,

                    Defendants.

---

Plaintiff Kimberly J. Lavasseur brought this suit against defendants Ashland County, Sheriff Brian Zupke, and County Administrator Dan Grady for alleged retaliation and discrimination.  Plaintiff has filed a motion asking the court to deem certain requests for admission not admitted, which defendants claim were automatically admitted under Rule 36(a)(3) due to plaintiff's failure to timely serve a signed response.  For the reasons given in this opinion, plaintiff's motion is GRANTED.

## BACKGROUND

The parties agree on certain facts and dispute others.  The court will lay out the facts as agreed upon and delineate between the parties' versions of events as relevant.

On July 1, 2025, defendants' counsel served plaintiff their first set of requests for admission (RFAs) via email.  Dkt. 59 at 1; Dkt. 65 at 1.  Plaintiff timely served her response on July 21, 2025, Dkt. 65 at 2, but the response was not signed, Dkts. 59 at 1 & 65-2.  Plaintiff's counsel acknowledged the lack of signature in his service email and said that he "will have them signed shortly."  Dkt. 65-2.

This is where the record becomes murky.  Plaintiff's counsel reports the following:  He and defense counsel "conferred on the discovery, and defendants granted an extension for plaintiff[.]"  Dkt. 60 at 1.  Defendants "made no mention of the unsigned discovery until immediately prior to the in-person depositions," *id.*, which occurred February 18–20, 2026, Dkts. 33–35.  He then "handed defendants' counsel the signed discovery responses" at the same time he delivered the exhibits for the depositions.  Dkt. 60 at 1.

Defendants' counsel refutes that version of events.  He reports that the parties "never discussed . . . any issues regarding the responses to the [RFAs]" after July 22, 2025, that plaintiff never requested an extension of time to provide signed responses, and that plaintiff's counsel did not hand-deliver a signed response to defendants' RFAs at the depositions.  Dkt. 65 at 2.

Defendants moved for summary judgment on March 23, 2026, Dkt. 38, and that motion is still pending.  In their brief in support, defendants rely on certain facts derived from their RFAs, which they characterize as "deemed admitted by failure to respond."  Dkt. 40 at 2–3. Defendants maintain that they never received a signed verification of plaintiff's responses, so every matter raised in their RFAs was admitted under Rule 36(a)(3) by the time they filed their motion for summary judgment.

Plaintiff now asks the court to grant her motion withdrawing the admissions under Rule 37(b), arguing it would promote the presentation of the merits and not prejudice defendants in maintaining or defending the action on the merits.  Dkt. 59 at 5–8.

ANALYSIS

Under Rule 36, the subject matter of a request for admission is admitted unless a written response or objection is served within thirty days after the request was served, and admitted matters are considered "conclusively established," Fed. R. Civ. P. 36(a)(3) & (b).  But "a court, in its discretion, may permit a party to rescind admissions when doing so [1] better serves the presentation of the merits of the case and [2] the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005) (citing Fed. R. Civ. P. 36(b)).

Here, defendants do not dispute the first element and concede that "withdrawal would promote the presentation of the merits of the case."  Dkt. 64 at 2.  However, defendants contend that allowing the withdrawal would prejudice them.  *Id.*  Defendants explain that, while deposing plaintiff, defense counsel "limited questions" on topics covered by the RFAs because defendants figured the points were admitted.  *Id.*  Defendants also rely upon the admitted responses in their motion for summary judgment.  *Id.*

These would be fair and persuasive points but for the fact that defendants knew from counsel's July 21, 2025, email that plaintiff intended to provide substantive responses, and did provide those substantive responses, albeit unsigned.  Dkt. 65-2.  If plaintiff did not subsequently provide the promised signature, as defendants contend is the case, the prudent approach was to ask for it.  Curtailing deposition questions and relying on technically admitted requests at the summary judgment stage was not reasonable under these circumstances.  Even so, from the court's review of the parties' summary judgment materials, the RFAs in question are not case-dispositive.  On this record, the court does not consider these concerns to be prejudicial in the way contemplated by Rule 36(b).

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for evidentiary relief, Dkt. 59, is GRANTED in line with this opinion.

2. The matters raised in defendants' first set of requests for admission are not automatically admitted.

3. Plaintiff must serve and file its signed responses to defendants' first set or requests with a signed verification no later than June 12, 2026.


Entered June 5, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge