IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KIMBERLY J. LAVASSEUR,

Plaintiff,

v.

COUNTY OF ASHLAND,
DAN GRADY and BRIAN ZUPKE,

Defendants.

OPINION AND ORDER

24-cv-872-wmc

In this case scheduled for a jury trial on August 17, 2026, in Madison, Wisconsin, plaintiff Kimberly J. Lavasseur claims that defendants Ashland County, Dan Grady and Brian Zupke unlawfully discriminated against her, retaliated against her for her protected speech, and failed to provide adequate due process when terminating her.  The following order addresses the parties' motions in limine in advance of the final pretrial conference ("FPTC") to be held on August 4, 2026, at 2:30 p.m.

OPINION

A.  **Plaintiff's motion in limine no. 1 (dkt. #71) -- Bar evidence or argument that plaintiff failed to exhaust or purse state remedies**

Plaintiff requests that defendants be barred from introducing evidence or otherwise suggesting that she did not complete administrative or state remedies before filing her federal lawsuit.  This motion is GRANTED as unopposed.

B.  **Plaintiff's motion in limine no. 2 (dkt. #72) -- Exclude decisions and findings of prior administrator proceedings**

Plaintiff seeks to preclude either side from introducing evidence at trial of the

decisions, findings and conclusions of two sets of administrator proceedings:  (1) the Wisconsin Department of Workforce Development's determination on March 1, 2023 that Lavasseur did not commit misconduct and was entitled unemployment benefits; and (2) the written decision of the hearing examiner who presided over plaintiff's post-termination grievance hearing.  Plaintiff does not seek to exclude the fact that the proceedings occurred or preclude evidence regarding who testified, what communications occurred or how the Board voted, but rather the findings, reasonings and assessments about whether plaintiff's termination was justified.  This motion is not only GRANTED as unopposed, but all references to either proceeding at excluded from introduction to the jury with the exception of facts about the chronology leading up to the decision by the County Board to uphold plaintiff's termination.

## C. Plaintiff's motion in limine no. 3 (dkt. #73) -- Limit evidence of the reported inmate sexual assault to its fact, timing and handling, and to exclude its graphic details

Plaintiff moves to preclude or limit evidence and argument relating to the sexual assault reported at the jail.  Specifically, she moves to exclude the jail inmate's written details of the alleged sexual assault, and evidence discussing the alleged act itself and the criminal histories of the inmates involved.  This motion is also GRANTED as unopposed.

## D. Defendants' omnibus motions in limine (dkt. #79)

### 1. Preclude evidence of a romantic relationship between Brian Zupke and Jennifer Clapero.

This motion is GRANTED as unopposed.

2

2. **Preclude evidence regarding the Ashland County District Attorney's decision not to prosecute the alleged abuser of the sexual assault in the Ashland County Jail.**

Defendants seek to preclude plaintiff from introducing evidence that the Ashland County District Attorney declined to file any criminal charges after investigating the reported sexual assault at the Ashland County Jail, and specifically, the memo from the District Attorney's office finding to probable cause to prosecute. Plaintiff opposes the motion on the grounds that the District Attorney's decision is relevant to show that she handled the sexual assault investigation properly and that defendants' relying on her handling of the sexual assault allegation as a basis for her termination is pretextual.

The court will RESERVE on this motion. The court is sympathetic to defendants' argument that a district attorney's decision whether to file charges can be based on various factors, some of which would have no relevance to whether plaintiff's own handling of the sexual assault allegation was appropriate. On the other hand, plaintiff raises a fair argument that the memo undermines defendants' basis for terminating her employment, particularly because it was issued *before* she was terminated. Thus, defendants would have been able to review the District Attorney's analysis and realize that the sexual assault allegation was unfounded.

The court cannot resolve this tension on the current record, however, because neither side provided the District Attorney's full memo to the court. Although the parties cite to Dkt. #44-1, that document is a single page which states that the District Attorney would not issue criminal charges, but does not include the detailed discussion that *both* sides reference in their motion in limine briefing. Without knowing what is discussed in the memo, the court cannot determine whether any of it should be shown to the jury or discussed at trial. Thus, plaintiff

is DIRECTED to must provide a full copy of the memo to the court for review in advance of the final pretrial conference.  The parties should then be prepared to discuss this issue further at that time.

### 3. Prohibit expert testimony

Defendants move to preclude plaintiff from presenting any expert testimony at trial, as she never disclosed any expert witnesses.  Plaintiff opposes the motion, but only on the ground that she intends to present her own testimony regarding her injuries.  This motion is GRANTED, with the caveat that plaintiff may present her own testimony regarding injury and damages she claims to have incurred because of defendants' action, including mental and emotional distress, but she may not testify about specific diagnoses or any injuries or damages that would require expert qualifications.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions in limine (dkts. #71, 72, 73) are GRANTED and EXPANDED, as set forth above.

2) Defendant's motions in limine (dkt. #79) are GRANTED and RESERVED as set forth above.

Entered this 27th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4